UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jorge Restrepo and Nicholas
Mattera, Individually and on behalf of
other similarly situated class members,

          Plaintiffs,

v.                                      Civil No. 14-cv-2603 (JNE/JSM)
                                             ORDER
Best Buy Co., Inc.,

          Defendant.

      Plaintiffs are employees of MindSHIFT, Inc., which was a subsidiary of defendant Best Buy Co., Inc. until February 1, 2014.  In 2012, Best Buy granted stock options to approximately 120 MindSHIFT employees through an award agreement.  The agreement provides that the stock options vest in one-third increments over three years.  In addition, the agreement provides that employees lose their rights to unvested shares if their employment with Best Buy or its affiliates is "terminated" before the third anniversary of the award date.  Best Buy sold MindSHIFT before the second anniversary of the award date.  Best Buy's counsel took the position that, because MindSHIFT employees no longer worked for Best Buy or a Best Buy affiliate, they had been "terminated" under the agreement and thus they had lost their rights to unvested shares.

      Plaintiffs filed a class action suit in Minnesota state court against Best Buy on behalf of themselves and the class of similarly situated MindSHIFT employees.  They claim an anticipatory breach of contract and seek declaratory relief.  Best Buy removed to federal court and filed a motion to dismiss.  Plaintiffs filed a motion to remand to state court.

      The matter is before the Court on Plaintiffs' motion to remand and Defendant's motion to dismiss.

Under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000." *Id.* at 1332(d)(2). If the jurisdictional amount is not apparent from the complaint, courts look to the amount in controversy at the time the case was removed. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). A party seeking removal to federal court under CAFA "must establish the amount in controversy by a preponderance of the evidence." *Bell v. Hershey Co.*, 557 F.3d 953, 957 (8th Cir. 2009).

No amount in controversy is apparent from the complaint. The complaint contains no allegations about the number of shares, share prices, number of options or value of options at issue. In fact, the complaint states that the "aggregate amount in controversy for all claims of the class does not exceed $5,000,000, and, therefore, this case may not be removed to federal court under the Class Action Fairness Act, 28 U.S.C. § 1332(d)." Complaint at ¶ 6.

When Best Buy filed its removal papers, it made the following jurisdictional statement:

> The amount in controversy exceeds $5,000,000 in the aggregate. The putative class that Plaintiffs Restrepo and Mattero purport to represent consists of 'All persons who (a) were granted the option to purchase shares in Best Buy under Best Buy's Long-Term Incentive Program Award Agreement; and (b) were employed by MindSHIFT, Inc. as of February 1, 2014; and (c) who owned Restricted Shares that had not vested prior to February 1, 2014.' At the time of the sale of MindSHIFT to Ricoh, the collective value of unvested stock grants to MindSHIFT employees exceeded $5,000,000.

Def.'s Notice of Removal at ¶8 (internal citation omitted).

A party invoking the jurisdiction of the court is entitled to rely on its jurisdictional averments. However, once those averments are challenged, the party bears the burden of showing by a preponderance of the evidence that jurisdiction exists. *See Falkirk Min. Co. v. Japan Steel Works, Ltd.*, 906 F.2d 369, 373 (8th Cir. 1990); *Blakemore v. Missouri Pacific R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

2

To meet its burden, Best Buy has offered sworn testimony in the form of an affidavit from Timothy Poth, Manager of Compensation Delivery for Best Buy.   The affidavit states that 217,141 shares are at issue.  However, the affidavit does not say anything about the value of the options at issue.  Except as might be inferred from the jurisdictional statement in its removal papers, Best Buy has offered no hint of how it arrived at its conclusion that the complaint placed more than $5,000,000 at issue.  The removal statement indicates that Best Buy is proceeding on the assumption that the amount in controversy equals the number of options granted to MindSHIFT employees multiplied by the value of Best Buy stock on a particular day.  However, Best Buy never explicitly takes that position and, even if it had, its averments would still lack the specific values necessary to determine whether the jurisdictional amount is satisfied.

The complaint refers to and necessarily encompasses the award agreement.  The first paragraph of that agreement states:

> As of the Award Date set forth above and in the Award Notification accompanying this Performance Award (the 'Award Date'), Best Buy Co., Inc. ('Best Buy') grants to you (a) an option to purchase the number of Shares of Best Buy common stock set forth in such Award Notification (the 'Option') at the option price per Share set forth in such Award Notification; (b) the number of time-based restricted Shares of Best Buy common stock (the 'Time Based Restricted Shares') set forth in such Award Notification, and/or (c) the number of performance-based restricted Shares of Best Buy common stock (the 'Performance Based Restricted Shares') set forth in such Award Notification.

Complaint Ex. A at 1.

Best Buy has not submitted any evidence to show when the options described in the agreement were granted, whether they were all granted on the same day, the price of the stock on that day, or the option price or prices.  The agreement refers to both time and performance restricted shares as granted in the "Award Notification."  The record contains no Award Notification (or notifications).

In short, Best Buy has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $5 million as required by CAFA.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiffs' Motion to Remand [Docket No. 17] is GRANTED, and the action is remanded to the District Court of Minnesota, Fourth Judicial District, Hennepin County.

2. Defendant's Motion to Dismiss [Docket No. 5] is DENIED AS MOOT.


LET THE JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  September 16, 2014

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge